ACCEPTED
15-25-00011-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/5/2025 3:07 PM
CHRISTOPHER A. PRINE
CLERK

**15-25-00011-CV**

In The Fifteenth Court of Appeals
Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/5/2025 3:07:27 PM
CHRISTOPHER A. PRINE
Clerk

THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM,
THE UNIVERSITY OF TEXAS SYSTEM, AND
THE UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER,

*Appellants,*

V.

GENSETIX, INC.,

*Appellee.*

*On Appeal From the 152nd District Court of Harris County, Texas*

APPELLANTS' RESPONSE TO GENSETIX'S SUR-REPLY BRIEF

**David E. Harrell, Jr.**
  State Bar No. 00793905
  David.Harrell@troutman.com
**Deanna Markowitz Willson**
  State Bar No. 24092759
  Deanna.willson@troutman.com
TROUTMAN PEPPER LOCKE LLP
600 Travis St., Suite 2800
Houston, Texas 77002

**Thomas F. Loose**
  State Bar No. 12561500
  Tom.Loose@troutman.com
TROUTMAN PEPPER LOCKE LLP
2000 Ross Avenue, Suite 2800
Dallas, Texas 75201

**Terri M. Abernathy**
  State Bar No. 24062894
  Terri.Abernathy@oag.texas.gov
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, TX 78711

ATTORNEYS FOR APPELLANTS

ORAL ARGUMENT REQUESTED

## Table of Contents

**Page**

Argument in Response to Gensetix's Sur-reply ...................................................1

    I.     Introduction...........................................................................................1

    II.    *Curadev* is dispositive of this appeal................................................2

    III.   There is no dispute as to any fact material to the question of whether UT has sovereign immunity. ......................................5

    IV.   Gensetix did not plead a taking in 2017 based on UT's invocation of the Eleventh Amendment. ......................................7

    V.    Chief Justice Brister's dissent is consistent with UT's position................................................................................................9

    VI.   UT did not raise new issues in its Reply......................................11

Conclusion and Prayer .............................................................................................12

Certificate of Compliance .......................................................................................14

Certificate of Service ................................................................................................14

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*Canadian Riv. Mun. Water Auth. v. Hayhook, Ltd.*,
 No. 07-20-00196-CV, 2021 WL 1202346 (Tex. App.—Amarillo
 Mar. 30, 2021, no pet.).................................................................4, 10

*Curadev Pharma Pvt. Ltd. v. The Univ. of Tex. Sw. Med. Ctr.*,
 721 S.W.3d 90 (Tex. App.—15th Dist. 2025, pet. filed)........................*passim*

*Gensetix, Inc. v. Bd. of Regents of Univ. of Tex. Sys.*,
 966 F.3d 1316 (Fed. Cir. 2020)...................................................7, 8

*Greene v. Farmers Ins. Exch.*,
 446 S.W.3d 761 (Tex. 2014)...........................................................12

*IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*,
 938 S.W.2d 440 (Tex. 1997)............................................................1

*MBP Corp. v. Bd. of Trs. of the Galveston Wharves*,
 297 S.W.3d 483 (Tex. App.—Houston [14th Dist.] 2009, no
 pet.)...................................................................................6

*Stringfellow v. Tex. Dep't of Pub. Safety*,
 No. 15-24-00024-CV, 2025 WL 996361 (Tex. App.—15th Dist.
 Apr. 3, 2025, pet. denied) ..............................................................3

*Tex. Dep't of Transp. v. Self*,
 690 S.W.3d 12 (Tex. 2024)...........................................................4, 10

## Argument in Response to Gensetix's Sur-reply

### I. Introduction.

Appellants (collectively, "UT") did not oppose Gensetix's request for leave to file a Sur-reply limited to addressing this Court's opinion in *Curadev Pharma Pvt. Ltd. v. The Univ. of Tex. Sw. Med. Ctr.*, 721 S.W.3d 90 (Tex. App.—15th Dist. 2025, pet. filed). Gensetix's Sur-reply completely ignored that *Curadev* is dispositive on its breach of contract claim with its clear holding that there is no waiver-by-conduct exception for sovereign immunity. Instead, Gensetix focused entirely on its takings claim, making arguments far afield of those addressed by this Court in *Curadev*.

A few examples: Gensetix discusses supposed evidentiary disputes and purported findings the trial court made or declined to make. Sur-reply at 4, 7-8.[1] Gensetix discusses at length a purported 2017 taking based on UT's invocation of Eleventh Amendment immunity that Gensetix did not plead. *E.g.*, Sur-reply at 5-6. And Gensetix introduces a new argument—to "rebut" an argument UT *never* made—"that Takings lasting less than 33 months are

---

[1] Gensetix did not address the binding authority UT cited holding fact findings "have no purpose and should not be requested, made, or considered on appeal" in cases like this where pleas to the jurisdiction are decided without an evidentiary hearing. *See* UT's Reply Br. at 10-11 (citing, *inter alia*, *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997)).

non-actionable." Sur-reply at 8. Gensetix sought leave to file a Sur-reply only to address *Curadev*; the Court should not consider the extraneous arguments Gensetix makes in an improper attempt to "get the last word." Even if considered, *Curadev* remains dispositive of this appeal, and none of Gensetix's extraneous arguments have merit.

## II. *Curadev* **is dispositive of this appeal.**

Much of Gensetix's Sur-reply is difficult to decipher, but one concession is clear—Gensetix cannot meaningfully distinguish *Curadev*.

Gensetix argued two rationales to overcome UT's sovereign immunity defense: (1) waiver by conduct permits its breach of contract claim, and (2) a Constitutional takings claim, which arose solely from the parties' contractual relationship. *See generally* Appellee's Brief. *Curadev* addresses and rejects both of Gensetix's arguments.

A "waiver-by-conduct argument is contrary to binding Supreme Court authority, which instructs that sovereign immunity may not be waived by a party's conduct but only by the Legislature." *Curadev*, 721 S.W.3d at 102. Gensetix fails to mention this holding or attempt to defend this purported exception that the Texas Supreme Court has rejected repeatedly. Gensetix

has effectively abandoned its waiver-by-conduct theory, conceding its breach of contract claim is barred.

Gensetix's Constitutional takings claim also fails. First, Gensetix's rights and claims are grounded in contract—its License Agreement with UT. Although this Court construes the pleadings "liberally in favor of the plaintiff," *Curadev*, 721 S.W.3d at 97, it must look to the substance of Gensetix's claim. Gensetix "cannot evade sovereign immunity with creative pleading." *Stringfellow v. Tex. Dep't of Pub. Safety*, No. 15-24-00024-CV, 2025 WL 996361, at *4 (Tex. App.—15th Dist. Apr. 3, 2025, pet. denied). Gensetix's takings claim is a repackaged contract claim that cannot proceed under *Curadev* because Gensetix is suing the State for exercising its contractual rights and for damages tied directly to rights the State had under a contract.

Second, the claim fails because it requires, among other things, "an intentional act by a governmental entity," *Curadev*, 721 S.W.3d at 98, and, regarding that element, "when the government acts pursuant to colorable contract rights, it lacks the necessary intent to take under its eminent domain powers and thus retains its immunity from suit." *Id.* (citing *Holland*, 221

S.W.3d at 643).[2] Gensetix says under *Self*, "intent no longer matters." Sur-reply at 4 (referring to *Tex. Dep't of Transp. v. Self*, 690 S.W.3d 12 (Tex. 2024)). But *Self* reaffirmed that "when the government acts on its rights under a contract to which the parties have consented … it is not exercising sovereign powers." *Self*, 690 S.W.3d at 27. In *Self*, it was undisputed that the trees TxDOT cut were outside its right-of-way easement. *Self*, 690 S.W.3d at 17. Thus, TxDOT was not acting pursuant to its contract rights. In *Curadev*, this Court determined that *Self* did not support a takings claim because "Southwestern was not acting under its eminent domain power at all."[3] *Curadev*, 721 S.W.3d at 100.

Here, UT was acting under colorable contract rights—its License Agreement with Gensetix—which addressed both Gensetix's payment and

---

[2] On this point, the Court was unanimous. Chief Justice Brister wrote: "When the government takes money or property belonging to *A* pursuant to a contract the government has with *A*, I agree there is no taking; Chapter 2260 of the Texas Government Code provides an *exclusive* administrative remedy for A that cannot be skipped by pleading a takings claim. … In [that] case, the government has no intent to exercise eminent domain since it has contract rights to exercise directly against the owner." *Curadev*, 2025 WL 2414661, at *11 (Brister, C.J., concurring and dissenting).

[3] *See also Canadian Riv. Mun. Water Auth. v. Hayhook, Ltd.*, No. 07-20-00196-CV, 2021 WL 1202346, at *4 (Tex. App.—Amarillo Mar. 30, 2021, no pet.) (distinguishing between "mistakenly interpreting the scope of an expressed contractual right and invoking a non-existent contractual right."). UT notes a typographical error in its Reply Brief on page 33 where counsel mistakenly wrote "Here, as in *Hayhook*" but intended to say "Here, *unlike* in *Hayhook*."

reporting obligations and UT's power to terminate for breach. CR:50-54, 65 (¶¶ 3.1, 4.1, 4.2, 13.3). Under the holding in *Curadev*, Gensetix's takings claim fails.

**III.  There is no dispute as to any fact material to the question of whether UT has sovereign immunity.**

In attempting to distinguish *Curadev*, Gensetix feebly argues there were disputed fact issues. There are no material facts in dispute regarding UT's sovereign immunity—UT's evidence merely confirmed the contractual relationship and consisted only of documents central to Gensetix's claims and referenced in its petition. UT's evidence consisted of:

- Exhibit 1: September 8, 2008, Patent and Technology License Agreement between UT and Mirrow (CR:46);

- Exhibit 2: January 13, 2014, Assignment and Assumption Agreement between Mirrow and Gensetix, LLC (CR:75);

- Exhibit 3: June 2, 2014, Amendment No. 1 to the Patent and Technology License Agreement between UT and Gensetix, LLC (CR:79);

- Exhibit 4: June 13, 2014, Assignment and Assumption Agreement between Gensetix, LLC and Gensetix, Inc. (CR:86);

- Exhibit 6: March 9, 2020, notice of default sent by UT to Gensetix, Inc. (CR:93);

- Exhibit 7: May 20, 2020, notice of termination sent by UT to Gensetix, Inc. 2SuppCR:4.[4]

There is no dispute that those agreements were made, and those notices were sent. Gensetix denies that it breached the License Agreement but that is a merits dispute not relevant to the sovereign immunity question before this Court.

Gensetix lists four disputed facts that it claims are "key jurisdictional facts." Sur-reply at 4. But the first two listed are relevant only to the repeatedly rejected waiver-by-conduct theory that Gensetix has apparently abandoned. That theory is not viable, so those facts are not material. The third and fourth go to the parties' disputed interpretations of the License Agreement. A dispute on contractual interpretation does not diminish the key jurisdictional fact: UT was acting under colorable contract rights when it terminated the License Agreement. Also, those facts are not material because this Court "need not decide which party's interpretation [of the License Agreement] is correct to assess the trial court's subject-matter jurisdiction over the suit." *MBP Corp. v. Bd. of Trs. of the Galveston Wharves,*

---

[4] Exhibit 5 was the Declaration of Andrew Dennis, which merely authenticated Exhibits 1-4. CR:90.

297 S.W.3d 483, 492 (Tex. App.—Houston [14th Dist.] 2009, no pet.). If resolution of those disputes were necessary to resolve the immunity issue, the policies underlying sovereign immunity would easily be subverted in any case involving a contract with the State.

## IV. Gensetix did not plead a taking in 2017 based on UT's invocation of the Eleventh Amendment.

Gensetix argues *Curadev* does not affect its 2017 takings claim based on UT's invocation of the Eleventh Amendment. Sur-reply at 5-6.[5] But Gensetix pled the taking was based on UT's termination of the License Agreement in 2020:

> 39. UT and MD Anderson, in or about May 2020, intentionally engaged in affirmative conduct affecting the exclusive patent license.
>
> 40. In or about May 2020, the exclusive patent license belonging to Gensetix was effectively destroyed due to the affirmative conduct of UT and MD Anderson.

---

[5] Gensetix repeatedly says UT's assertion of its Eleventh Amendment rights was "meritless" and "gratuitous." Sur-reply at 6, 8. Gensetix even claims UT's "ELEVENTH AMENDMENT theory didn't hold up on appeal." Sur-reply at 8. This is all false. The Federal Circuit affirmed UT's sovereign immunity (and permitted Gensetix to pursue its infringement action without UT). *Gensetix, Inc. v. Bd. of Regents of Univ. of Tex. Sys.*, 966 F.3d 1316, 1321-23, 1327 (Fed. Cir. 2020). It is impossible to square Gensetix's assertion that UT "did not even arguably act within the scope of its rights in 2017" (Sur-reply at 10) with the Federal Circuit's holding.

-7-

CR:105-06.[6] Gensetix did not plead a taking occurred in 2017 and did not mention the Eleventh Amendment in its petition. *See* CR:95-108.[7]

Even if Gensetix had pled this claim, it has provided no authority that a party's invocation of the Eleventh Amendment equates with eminent domain. In fact, the crux of this taking argument is that Gensetix (wrongly) suggests that UT was contractually obligated to join its misguided lawsuit, when it was not. And even the Federal Circuit said that Gensetix could pursue its claims in UT's absence. *Gensetix, Inc. v. Bd. of Regents of Univ. of Tex. Sys.*, 966 F.3d 1316, 1321-23, 1327 (Fed. Cir. 2020). Moreover, Gensetix has not cited any authority for the proposition that it could not pursue commercialization of the Licensed technology while it pursued its claims against Baylor.

Once again, the takings claim alleged by Gensetix in its live petition, which is controlling, or even as argued in its Sur-reply, is merely a

---

[6] *See also* CR:105 (¶ 32: "In May 2020, … UT informed Gensetix that it would be terminating the exclusive license.").

[7] Gensetix makes a confusing argument that the alleged 2020 taking was "factually intertwined" with the "ELEVENTH AMENDMENT-based Taking of 2017." Sur-reply at 7. Because Gensetix did not plead a 2017 taking based on the Eleventh Amendment, Gensetix's point is unclear.

repackaged contract claim. *Curadev* holds that such a takings claim must be dismissed. *Curadev*, 721 S.W.3d at 99-101.

## V.    Chief Justice Brister's dissent is consistent with UT's position.

Gensetix claims UT "misreads Chief Justice Brister's dissenting opinion in *Curadev*." Sur-reply at 9. Gensetix's Sur-reply wanders through arguments that are wholly irrelevant to UT's arguments, Chief Justice Brister's dissent, or this case. Fundamentally, however, Chief Justice Brister's dissent is limited to a fact pattern that is inapplicable to Gensetix's dispute with UT.

Gensetix first argues that "property interests less than outright ownership are cognizable." Sur-reply at 9. But Chief Justice Brister said nothing remotely touching on this subject, and neither did UT.

Second, Gensetix argues "MDA already conceded below that 'the existence of a contract by itself is insufficient to invalidate [Gensetix's] Takings claim[.]'" Sur-reply at 10 (citing (CR:251)). Gensetix omitted the end of that sentence, which states "but when the alleged taking was an act pursuant to a contract (as it was in this case), a takings claim is invalid." CR:251. Moreover, this is hardly the concession that Gensetix implies—it is black letter law: "the mere existence of a contract does not build an

impenetrable wall nullifying the possibility of other waivers of and exceptions to that immunity." *Hayhook*, 2021 WL 1202346, at *2 (cleaned up, citing cases); *see also Self*, 690 S.W.3d at 30 (holding TxDOT liable for inverse condemnation notwithstanding its contract—a right-of-way easement—with the landowner). Furthermore, Chief Justice Brister agreed with the majority that when the government takes money or property "pursuant to a contract" there is no taking. *Curadev*, 2025 WL 2414661, at *11 (Brister, C.J., concurring and dissenting).

Next, again ignoring Chief Justice Brister's dissent, Gensetix argues if "the State conveys the right to exclude, the State can no longer appropriate that exclusionary right without paying just compensation to the holder of that exclusionary right." Sur-reply at 10. UT did not "appropriate" an exclusionary right; rather, it terminated the License Agreement following Gensetix's breach. The State may terminate a license—just as any private licensor—without transforming a contract dispute into a taking.

Without any discussion of Chief Justice Brister's dissenting opinion, or the concerns he expressed, Gensetix ends with the baseless conclusion that "[t]he concerns Chief Justice Brister raised in *Curadev* plainly apply here." Sur-reply at 10. But Gensetix fails to explain how. Chief Justice Brister's

-10-

principal concern appeared to be that "[i]n this case, there were no contracts or contract rights between UT's Southwestern Medical Center and the Curadev parties; each had a contract with Takeda, but neither was aware of Takeda's contract with the other." *Curadev*, 721 S.W.3d at 107. He posited that Southwestern could not have acted pursuant to a contract with Curadev because Southwestern had no contract with Curadev. *Id*. at 108. That is not the case here. The issues that concerned Chief Justice Brister are not present here.

## VI. UT did not raise new issues in its Reply.

Lastly, Gensetix claims UT made untimely arguments regarding interpretations of the License Agreement. Sur-reply at 11. This argument does not address the holdings in *Curadev* and was inappropriate for a Sur-reply that was limited to responding to that opinion. Regardless, UT was merely replying to arguments Gensetix made in its brief.

Moreover, UT's discussion of certain terms in the License Agreement concerned the issue of Gensetix's breach of that Agreement, which has been part of this case from the start. *See, e.g.*, CR:33 (Defendants' Original Answer, Verified Denial, Special Exceptions, and Plea to the Jurisdiction). UT made

this argument in its opening brief. Opening Br. at 15 ("Gensetix breached the License and, pursuant to its terms, UT terminated the License.").

UT's arguments are not new, but even if they were, there is no basis for the Court to disregard them as Gensetix requests because UT raised the issue of Gensetix's breach from the start. *See Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 764 n.4 (Tex. 2014) ("We do not consider *issues* that were not raised in the courts below, but parties are free to construct new *arguments* in support of issues properly before the Court.").

## Conclusion and Prayer

This Court should reverse the trial court's order denying UT's Plea to the Jurisdiction and render judgment that Gensetix's claims be dismissed with prejudice. UT prays for such further relief to which it shows itself entitled.

Respectfully submitted,

By: /s/ *David E. Harrell, Jr.*
**David E. Harrell, Jr.**
State Bar No. 00793905
David.Harrell@troutman.com
**Deanna Markowitz Willson**
State Bar No. 24092759
Deanna.Willson@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
600 Travis St., Suite 2800
Houston, Texas 77002

**Thomas F. Loose**
State Bar No. 12561500
Tom.Loose@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
2000 Ross Avenue, Suite 2800
Dallas, Texas 75201

**Terri M. Abernathy**
State Bar No. 24062894
Terri.abernathay@oag.texas.gov
Assistant Attorney General
**OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548, Capitol Station
Austin, TX 78711

**ATTORNEYS FOR APPELLANTS**

-13-

## Certificate of Compliance

I certify that this Response to Gensetix's Sur-reply complies with TEX. R. APP. P. 9.4(i) because the relevant portions of the Brief contain 2,452 words, as counted by Microsoft Word 365.

/s/ *Thomas F. Loose*
Thomas F. Loose

## Certificate of Service

Pursuant to TEX. R. APP. P. 9.5(e), I certify that a true and correct copy of the foregoing document was served via electronic filing on the 5th day of December 2025, to:

Anthony Buzbee
Ryan Pigg
BUZBEE LAW FIRM
600 Travis St., Suite 7500
Houston, TX 77002

Cabrach Connor
Jennifer Tatum Lee
Sergio Davila
CONNOR LEE & SHUMAKER PLLC
609 Castle Ridge Rd., Suite 450
Austin, TX 78746-5196

*Attorneys for Appellee*

/s/ *Thomas F. Loose*
Thomas F. Loose

-14-

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rick Hagerich on behalf of Thomas Loose
Bar No. 12561500
rhagerich@lockelord.com
Envelope ID: 108784928
Filing Code Description: Response
Filing Description: Appellants' Response to Gensetix's Sur-reply Brief
Status as of 12/5/2025 3:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Terri Abernathy | | terri.abernathy@oag.texas.gov | 12/5/2025 3:07:27 PM | SENT |
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 12/5/2025 3:07:27 PM | SENT |
| Thomas FLoose | | tom.loose@troutman.com | 12/5/2025 3:07:27 PM | SENT |
| David E.Harrell | | David.Harrell@troutman.com | 12/5/2025 3:07:27 PM | SENT |
| Deanna MarkowitzWillson | | deanna.willson@troutman.com | 12/5/2025 3:07:27 PM | SENT |
| Chris Dove | | Chris.Dove@troutman.com | 12/5/2025 3:07:27 PM | SENT |
| Monika Dziemianczuk | | monika.dziemianczuk@troutman.com | 12/5/2025 3:07:27 PM | SENT |
| Cabrach Connor | | Cab@CLandS.com | 12/5/2025 3:07:27 PM | SENT |
| Jennifer TatumLee | | Jennifer@CLandS.com | 12/5/2025 3:07:27 PM | SENT |
| Sergio Davila | | Sergio@CLandS.com | 12/5/2025 3:07:27 PM | SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 12/5/2025 3:07:27 PM | SENT |
| Ryan Pigg | | rpigg@txattorneys.com | 12/5/2025 3:07:27 PM | SENT |
| Rian Taff | | rtaff@txattorneys.com | 12/5/2025 3:07:27 PM | SENT |
| Mauricio Guevara | | mguevara@txattorneys.com | 12/5/2025 3:07:27 PM | SENT |
| Lionel Sims | | lsims@txattorneys.com | 12/5/2025 3:07:27 PM | SENT |
| Alyssa Bixby-Lawson | | alyssa.bixby-lawson@oag.texas.gov | 12/5/2025 3:07:27 PM | SENT |